**TAYLOR & GOMEZ, LLP**
Benjamin Taylor, SBN: 023868
2600 North 44th Street, Suite B-101
Phoenix, Arizona 85008
Phone: 602-394-8930 Fax: 602-957-3257
E-mail: bt@taylorgomezlaw.com

**BIHN & McDANIEL, P.L.C.**
2600 N. Central Ave, Suite 1775
Phoenix, Arizona 85004
(602) 248 9779
Martin A. Bihn (014338)
mbihn@phxlegal.com

**Law Office Of Michael S. Eskander, P.L.C.**
Michael S. Eskander, J.D., L.L.M.
(480) 491-4400
1921 South Alma School
Suite 310
Mesa, Arizona 85210
Michael@eskanderlaw.com
Counsel for Plaintiffs

# UNITED STATES DISCTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J Doe and M Doe; | No. |
| Plaintiffs, | **MOTION FOR PERMISSION TO PROCEED UNDER PSEUDONYM** |
| vs. | |
| Mayo Clinic, a foreign non-profit corporation d/b/a Mayo Clinic Alix School of Medicine; | |
| Defendants. | |

Plaintiffs J Doe and M Doe request the Court: (1) grant them permission to proceed under a pseudonym in this case.

I.  Background

Plaintiffs are brothers who graduated from defendant Mayo Clinic Medical School two weeks ago. Plaintiffs bring this case, in large part, to correct their academic records so they can apply to residency programs and ultimately work in their chosen profession as physicians. Defendant has deliberately interfered with ability to work as physicians.

In 2022, Plaintiffs' third year of medical school, they raised racial discrimination concerns. Instead of investigating, Defendant took reprisal. Defendant denied Plaintiffs' disability accommodation requests and then falsely accused them of academic deficiencies, failing to meet deadlines and stealing hospital badges. In the fall of 2023, Plaintiffs filed discrimination, failure to accommodate and retaliation complaints against defendant with the Department of Education's Office of Civil Rights ("OCR").

Days before the fall 2023 residency[1] application deadline, defendant medical school pulled plaintiffs' applications from the nationwide matching system.[2] Hours before the deadline for submission, defendant medical school offered to upload corrected application documents, but only if plaintiffs settled their OCR complaint and released all potential claims against defendant. Defendant's 11th hour gambit came too late. Defendant then uploaded plaintiffs' applications after the national deadline, effectively preventing their applications from even being considered at many residency programs.

A month later, during the period when residency programs were considering applications, defendant changed its own policies to allow it, at any time, to upload new

---

[1] https://www.umhs-sk.org/blog/what-is-medical-residency

[2] https://www.nationalmatchingprogram.org/about-nmp/

2

material into students' residency application accounts. A month before residency matches were announced, defendant uploaded damaging material into plaintiffs' residency application accounts. Plaintiffs had 12 interviews (which should virtually guarantee a match) early in the process but ultimately failed to match.  Without a residency plaintiffs cannot practice medicine. Defendant then violated its own confidentiality policies and FERPA by publicizing the fact that plaintiffs failed to match to 200 individuals.

## II. Legal Standard

The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). "This presumption is loosely related to the public's right to open courts, and the right of private individuals to confront their accusers." *Kamehameha,* 596 F.3d at 1042.

Courts have permitted plaintiffs to use pseudonyms "when identification creates risk of retaliatory physical or mental harm" and "when anonymity is necessary to 'preserve privacy in a matter of sensitive and highly personal nature.' " *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). To test whether use of a fictious name is appropriate, courts ask whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.*

To determine whether to allow a party to proceed anonymously, a district court must balance five factors: "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, ... (3) the anonymous party's vulnerability to ... retaliation, (4) the prejudice to the opposing party, and (5) the public interest." *Kamehameha*, 596 F.3d at 1042. District courts place particular emphasis on the first and second factors. *Id.* at 1043.

**Severity of threatened harm and reasonableness of fears**

Plaintiffs should be permitted to use pseudonyms to preserve their privacy in this matter because a significant portion of the case involves sensitive and highly personal medical issues. Plaintiffs have been diagnosed with Attention-Deficit / Hyperactivity Disorder ("ADHD") and Generalized Anxiety Disorder / Panic Disorder. (Complaint paragraph 62). Plaintiffs expect their medical conditions to play a large role in the litigation over their ADA failure to accommodate and related retaliation claims.

Plaintiffs have strong concerns that if they cannot proceed by pseudonym their private medical information, together with the fact they challenged Mayo Clinic will cripple their ability to match to residency programs and obtain subsequent employment in clinical medicine.

As this Court is aware, the internet is forever. Court filings are republished throughout the internet. Plaintiffs fear that all of their private information will be similarly republished. These considerations have recently warranted permission to proceed by pseudonym for another medical student suing her medical school. See *Doe v. Elson S Floyd College of Medicine at Washington State University*, 2:20-cv-00145, 2021 WL 4197366 (E.D. Washington) 3/24/0221)(Medical student permitted to proceed by pseudonym in pretrial matters where mental condition of anxiety and depression, status as survivor of domestic violence and risk of disastrous consequences to career (not being able to match) outweighed public interest and prejudice to defendant who was aware of plaintiff's identity.)

4

**Vulnerability to retaliation**

Plaintiffs are vulnerable to retaliation by defendant. Defendant has already demonstrated a propensity to retaliate against plaintiffs. Defendant violated its own confidentiality rules and FERPA by sending an email containing plaintiffs' personal identifying information and the very private fact that they had not been matched with a resident program to over 200 individuals. (Complaint, paragraphs 187-194). Plaintiffs' private medical information, future residency and subsequent employment prospects are highly vulnerable if they cannot proceed by pseudonym. Defendant is a large well known institution with nationwide reach in virtually every aspect of medicine. Defendant could effectively retaliate against plaintiffs by simply providing case documents to relevant residency programs when plaintiffs reapply this fall.

**Prejudice to opposing party**

Plaintiffs' proceeding by pseudonym does not prejudice defendant. Plaintiffs are well known to defendant.

**Public Interest**

The use of a pseudonym in this case will not "obstruct public scrutiny of the important issues in this case." See *Advanced Textile Corp.*, 214 F.3d at 1072. The public has an interest in seeing this case resolved on the merits, and fear of reprisal may chill Plaintiffs' willingness to challenge the alleged violation of their rights. Id. at 1073 (discussing the chilling effect in the employment context).

### III. Conclusion

Balancing these factors, plaintiffs' need for anonymity outweighs any prejudice to the defendant and the public's interest in knowing plaintiffs' true names. Plaintiffs must be permitted to proceed by pseudonym.

Dated this 31st day of May 2024.

**BIHN & McDANIEL, P.L.C.**

/s/ Martin A. Bihn
_____
Martin A. Bihn

**TAYLOR & GOMEZ, LLP**

/s/ Benjamin Taylor
_____
Benjamin Taylor

**Law Office Of Michael Eskander, P.L.C.**

/s/ Michael S. Eskander
_____
Michael S. Eskander
*Co-Counsel for Plaintiffs*

Original of the foregoing electronically filed this 31st day of May, 2024, with:

Clerk of the United States District Court using the CM/ECF System for filing and Transmittal of a Notice of Electronic Filing to ECF registrants

/s/ Martin A. Bihn
Martin A. Bihn