IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J. Doe, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>Mayo Clinic,<br><br>　　　　　Defendant. | No. CV-24-01298-PHX-SMM<br><br>**ORDER** |

　　　　Before the Court is Plaintiffs' Motion for Permission to Proceed Under Pseudonym. (Doc. 3). Plaintiffs, who are recent medical school graduates from Mayo Clinic Medical School, ask to proceed anonymously and request that the Court prohibit Defendants from publicly disclosing their identity. Plaintiffs make this request because this case involves sensitive and personal medical issues and Plaintiffs are concerned that Defendant may retaliate by impacting Plaintiffs' ability to match to residency programs.

　　　　Rule 10(a) of the Federal Rules of Civil Procedure requires all parties to be named in the complaint. Only "in an unusual case," where "necessary to protect a person from injury or harassment," are pseudonyms allowed. United States v. Doe, 488 F.3d 1154, 1155 n.1 (9th Cir. 2007)) (citation omitted). "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000). Other courts, in addressing the interests of the parties and the public in

substantially similar circumstances, have found that proceeding anonymously is appropriate at the pre-discovery phase. See, e.g., Doe v. Cnty. of El Dorado, 2013 U.S. Dist. LEXIS 169883, at *7-14, 2013 WL 6230342, at *3-6 (E.D. Cal. Dec. 2, 2013).

The Court finds that Plaintiffs have demonstrated the necessity for Plaintiffs to proceed under pseudonyms in order to protect Plaintiffs' ability to match to residency programs. Plaintiffs aver that they are known to Defendant, and so Plaintiffs proceeding under pseudonyms is not prejudicial to Defendant.

Accordingly,

**IT IS ORDERED granting** Plaintiffs' Motion to Proceed Under Pseudonym. (Doc. 3). However, Defendant has not had an opportunity to be heard on this Motion. If Defendant disagrees with the Court's decision, Defendant may file an opposition within 20 days of the filing date of this Order or within 20 days of service of the Complaint, whichever is later.

**IT IS FURTHER ORDERED** as follows:

1. Plaintiffs are granted leave to proceed in this matter under pseudonym;
2. Defendant shall not publicly disclose the names or personally identifying information of Plaintiffs; and
3. All parties shall submit pleadings, briefing, and evidence using Plaintiffs' pseudonyms instead of their real names and other personally identifying information.

Dated this 31st day of May, 2024.

_____
Honorable Stephen M. McNamee
Senior United States District Judge